**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAULINE M. HORVATH, | No. 10-15929 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-04952-JSW |
| v. | |
| RAY MABUS, Secretary, Department of the Navy,[**] | MEMORANDUM [**] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted July 12, 2011[***]

Before: SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Pauline M. Horvath appeals pro se from the district court's summary

judgment in her employment action alleging retaliation in violation of Title VII.

---

[*] Ray Mabus had been substituted for his predecessor, Donald C. Winter, as Secretary of the Department of the Navy under Fed. R. App. P. 43(c)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Learned v. City of Bellevue*, 860 F.2d 928, 931 (9th Cir. 1988), and we affirm.

The district court properly granted summary judgment because Horvath failed to raise a genuine dispute of material fact as to whether her promotion denials were causally connected to her filing of an informal complaint of discrimination. *See Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003) (no causal connection due to a lack of evidence showing that the decisionmakers were aware of the plaintiff's complaints); *see also Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (eighteen-month lapse between protected activity and an adverse employment action is too long to give rise to an inference of causation).

We do not consider Horvath's request for class certification because she did not file a motion for class certification before the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Horvath's request to stay her appeal pending the district court's resolution of her motion for reconsideration is denied as moot.

Horvath's remaining contentions are unpersuasive.

**AFFIRMED.**